# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF OHIO

# EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA TYLER<br>  9240 Amber Wood Dr.<br>  Kirtland, OH 44094 | )<br>)<br>) | |
|         Plaintiffs, | ) | |
| -vs- | ) | **COMPLAINT** |
| | ) | **Trial by Jury Endorsed Hereon** |
| WEST GEAUGA LOCAL<br>SCHOOL DISTRICT<br>  8615 Cedar Road<br>  Chesterland, OH 44026 | )<br>)<br>)<br>) | |
|         Defendant. | ) | |

## NATURE OF THE ACTION

1. This is an action instituted, *inter alia*, under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code §§ 4111.01, *et seq.*, and Ohio common law.

## PARTIES

2. Plaintiff Sandra Tyler is a citizen of the United States of America who resides in Kirtland, Ohio, living within the jurisdiction of the United States

1

District Court for the Northern District of Ohio and is a former employee of Defendant West Geauga Local School District.

3. Defendant West Geauga Local School District (hereinafter "West Geauga") is a local school district/municipality conducting business within the jurisdiction of this district.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over claims initiated under the Fair Labor Standards Act ("FLSA") under 28 U.S.C. § 216(b) and 28 U.S.C. § 1331, and the Ohio Minimum Fair Wage Standards Act, under Ohio Revised Code §§ 4111.01, *et seq*. A signed consent to sue, as required by the FLSA, is attached to this Complaint as "Exhibit 1".

5. Supplemental federal jurisdiction over asserted state law claims is obtained pursuant to 28 U.S.C. § 1367.

6. Venue is appropriate pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to plaintiff's claims occurred in this district and 28 U.S.C. § 1367 with respect to each of the state law claims.

## STATEMENT OF FACTS

7. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

8. In September, 2010, Plaintiff was hired by Defendant as a part time Administrative Assistant.

9. In February, 2014, Plaintiff was promoted to full time by Defendant as the Executive Assistant to the Superintendent.

10. When Plaintiff was made a full-time employee, she was paid an hourly wage of $26.24 and was required to work 37.5 hours per week.

11. Plaintiff was a non-exempt employee for purposes of overtime wages.

12. Plaintiff's primary duties were not directly related to the management of general business operations of Defendant.

13. Plaintiff's duties as an employee of Defendant did not include the exercise of discretion and independent judgment with respect to matters of significance.

14. From February, 2014 through February, 2017, Plaintiff would often work more than 37.5 hours per week.

15. From February, 2014 through February, 2017, Plaintiff would often work more than 40 hours per week.

16. Plaintiff was never paid her base wages for the hours she worked over 37.5 hours.

17. Plaintiff was never paid overtime for weeks she worked more than 40 hours.

18. In early February, 2017, Plaintiff was informed that her position of Executive Assistant to the Superintendent was being eliminated.

19. Plaintiff was informed that she would be hired for a new position entitled, Executive Assistant to the Superintendent and Treasurer, which would commence on March 1, 2017.

20. Plaintiff was given a new job description and was asked to work an additional 2.5 hours per week for no additional pay.

21. Plaintiff was informed that as of March 1, 2017, she would become a salaried employee. Plaintiff was told she would be exempt as it related to overtime wages.

22. Plaintiff's new job description did not include any managerial functions.

23. Plaintiff's new duties were still not directly related to the management of general business operations of Defendant.

24. Plaintiff's new duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

25. Except for the title, Plaintiff performed essentially the same functions as of March 1, 2017 as her prior job as the Executive Assistant to the Superintendent prior to March 1, 2017.

26. Even after Plaintiff's job title changed, she still did not receive overtime pay even though she routinely worked more than 40 hours per week.

27. From the time Plaintiff commenced her employment in February, 2014, Defendant failed to pay Plaintiff her overtime compensation for hours worked in excess of forty hours in a work week.

28. As Plaintiff was required to turn in bi-monthly timesheets, Defendant was aware of the hours that Plaintiff was required to work in excess of forty hours in a work week to meet her job responsibilities.

29. While Plaintiff, on a continuous basis, brought to the attention of the Defendant that she was a non-exempt employee, Defendant ignored her requests to rectify the intentional mischaracterization of her job as a manager in order to avoid paying her overtime for hours she worked in excess of forty hours per week.

30. By not working overtime, plaintiff's job would have been placed in jeopardy.

31. In an attempt to avoid their obligations under the FLSA and the other statutes, Defendant altered Plaintiff's job title in March, 2017.

32. Defendant, from the commencement of Plaintiff's employment as the Executive Assistant to the Superintendent, withheld all overtime pay.

33. Defendant, from the commencement of Plaintiff's employment as the Executive Assistant to the Superintendent, withheld all base hourly wages from Plaintiff for hours worked in excess of 37.5 hours per week.

34. In addition to failing to pay Plaintiff overtime and her base wages for hours worked in excess of 37.5 hours per week, Defendant also withheld Plaintiff's untaken paid time off ("PTO") and failed to pay Plaintiff for calamity days which was inconsistent with the practice of the Defendant.

35. On July 7, 2017, Defendant once again informed Plaintiff that her position was being eliminated and that she was being laid off.

36. Plaintiff was the only person who had a position eliminated at that time in the Board office.

37. Under the School Employee Retirement System utilized by Defendant, an employee's pension benefit is based upon an average of the employee's highest three-year salary average.

38. By failing to pay Plaintiff overtime and her wages for hours worked over 37.5 hours each week since February 2014, Plaintiff's pension benefit was reduced by roughly $75.00 per month for life.

39. Plaintiff was not compensated at all for 260.32 hours she worked while employed by Defendant from May 22, 2015 through July 7, 2017.

40. Plaintiff was not paid overtime wages for 219.33 hours she worked over 40 hours a week from May 22, 2015 through July 7, 2017.

41. The acts and conduct of the Defendant were intentional, malicious and in wanton and reckless disregard of Plaintiff's state and federal rights.

42. As a result of the acts and conduct of the Defendant, Plaintiff has suffered financial damages relating to the unlawful practices of the defendant.

## COUNT I
**(Violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq*.)**

43. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

44. Defendant was an employer of Plaintiff as it is defined under the Fair Labor Standards Act (FLSA), 29 U.S.C. §203(d).

45. Plaintiff was not an exempt employee at any time while working for Defendant.

46. On numerous occasions, Plaintiff was required to work more than 40 hours per week to complete her duties as an employee of Defendant.

47. Defendant was aware that Plaintiff was working more than 40 hours a week on numerous occasions throughout her tenure as an employee of Defendant.

48. Defendant failed to pay Plaintiff her base wages, or the minimum wage, for hours worked in excess of 37.5 hours on a weekly basis.

49. Defendant, intentionally, maliciously and in wanton and reckless disregard of Plaintiff's rights, failed to pay Defendant for any hours she worked over 37.5 hours and failed to pay her overtime wages for hours worked in excess of 40 hours as required by the FLSA.

50. As a direct and proximate cause of Defendant's failure to comply with the FLSA, Plaintiff has suffered damages by failing to receive money she had earned and by having her pension benefit reduced by roughly $75.00 per month for life.

51. As a direct and proximate cause of Defendant's failure to comply with the FLSA, Plaintiff has suffered damages.

52. Plaintiff is entitled to all unpaid wages and overtime wages, Plaintiff is entitled to additional liquidated damages in the amount of the unpaid wages and overtime wages, Plaintiff is entitled to damages related her diminished pension and Plaintiff is entitled to reasonable attorneys' fees pursuant to 29 USC §216(b).

## COUNT II
### (Violation of the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code §§ 4111.01, *et seq.*)

53. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

54. Defendant was an employer of employee, as it is defined under the Ohio Minimum Fair Wage Standards Act, under Ohio Revised Code §§ 4111.03.

55. Plaintiff was not an exempt employee at any time while working for Defendant.

56. On numerous occasions, Plaintiff was required to work more than 40 hours per week to complete her duties as an employee of Defendant.

57. Defendant was aware that Plaintiff was working more than 40 hours a week on numerous occasions throughout her tenure as an employee of Defendant.

58. Defendant failed to pay Plaintiff her base wages, or the minimum wage, for hours worked in excess of 37.5 hours on a weekly basis.

8

59. Defendant, intentionally, maliciously and in wanton and reckless disregard of Plaintiff's rights, failed to pay Defendant for any hours she worked over 37.5 hours and failed to pay her overtime wages as required by the FLSA.

60. As a direct and proximate cause of Defendant's failure to comply with the FLSA, Plaintiff has suffered damages by failing to receive money she had earned and by having her pension benefit reduced by roughly $75.00 per month for life.

61. As a direct and proximate cause of Defendant's failure to comply with the FLSA, Plaintiff has suffered damages and is entitled to reasonable attorneys' fees pursuant to R.C. 4111.10(A).

## COUNT III
### (Unjust Enrichment)

62. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

63. Plaintiff worked for Defendant from February 2014 to July 2017.

64. Defendant received the benefit of the work provided by Plaintiff.

65. Defendant was aware of the benefit being provided by Plaintiff.

66. Defendant failed to pay Plaintiff for any hours she worked over 37.5 hours per week from February 2014 through July 2017.

67. Plaintiff has not been paid for over 376 hours she has worked since February 2014.

68. Defendant failed to pay Plaintiff for any overtime hours she worked from February 2014 to July 2017.

69. Defendant was not paid for over 261 overtime hours she has worked since February 2014.

70. Defendant has been unjustly enriched by the work performed by Plaintiff.

71. The value of the benefit received from Defendant is over 263 hours work performed by Plaintiff, including a number of uncompensated overtime hours.

WHEREFORE, Plaintiff respectfully requests the Court to grant the following relief:

    Under Counts I and II

        A.    Declare that the acts and conduct of Defendant constitute intentional violations of the Fair Labor Standards Act (FLSA) and the Ohio Minimum Fair Wage Standards Act (OMFWSA);

        B.    Permanently enjoin Defendant, its officers, agents, employees, successors, assigns, and all persons in active concert of participation with it, from engaging in employment practices which have deprived the Plaintiff and others of overtime rights insured under federal and state law;

        C.    Order Defendant to institute and to otherwise carry out policies, practices and programs which provide equal employment opportunities for all employees which are geared toward eradicating the effects of unfair employment practices for overtime work;

- D. Order Defendant to make Plaintiff whole by providing compensation for appropriate overtime, base wages/back pay with appropriate interest, vacation and paid time off and for other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

- E. Grant to Plaintiff and against the Defendant, appropriate compensatory damages and appropriate punitive and/or liquidated damages;

- F. Grant Plaintiff costs in this action including statutory reasonable attorneys' fees and related costs;

- G. Grant such further relief as the Court deems necessary and proper and in the public interest.

Under Count III

- A. Grant damages in an amount to be determined at trial;

- B. Grant interest at the maximum rate allowed by law from February 2014;

- C. Grant costs of this Action;

- D. Any additional relief which this Court deems appropriate.

Respectfully Submitted,

/s/ Jared S. Klebanow  
JARED S. KLEBANOW (0092018)  
KLEBANOW LAW, LLC  
850 Euclid Ave. Ste. 701  
Cleveland, Ohio 44114  
T: 216-621-8230  
jklebanow@klebanowlaw.com  

*Attorney for Plaintiff*

/s/ Avery Friedman  
AVERY FRIEDMAN (0006103)  
AVERY FRIEDMAN & ASSOCIATES  
701 The City Club Building  
850 Euclid Avenue  
Cleveland, Ohio 44114-3358  
T: (216) 621-9282  
F: (216) 621-9283  
avery@lawfriedman.com  
fairhousing@gmail.com  

*Attorney for Plaintiff*

## **TRIAL BY JURY DEMANDED**

Plaintiff hereby demands trial by jury pursuant to the Federal Rules of Civil Procedure.

/s/ Jared S. Klebanow  
Jared S. Klebanow (0092018)